Paul W. Petersen, 170922

Andy C. Warshaw, Esq.
State Bar # 263880
MESA LAW GROUP CORP.
3151 Airway Ave, Ste P1
Costa Mesa, California 92626
Telephone No. (714) 617-7370
Facsimile No. (949) 743-8960

*Attorney for Debtors,*

CHRISTINA MARIE PERRY, LEON ARTHUR CASPARIAN

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| In Re: | ) CHAPTER 13 |
| | ) |
| CHRISTINA MARIE PERRY | ) Case No.: 10-48821 |
| | ) |
| LEON ARTHUR CASPARIAN | ) |
| | ) |
| | ) **FIRST AMENDED MOTION TO VALUE** |
| | ) **COLLATERAL AND AVOID LIEN OF** |
| | ) **CREDITOR CCO MORTGAGE** |
| DEBTORS. | ) **CORPORATION ON REAL PROPERTY** |
| | ) |
| | ) |
| | ) |

TO THE HONORABLE JUDGE RANDALL J. NEWSOME, UNITED STATES

BANKRUPTCY JUDGE:

     MOTION IS HEREBY MADE BY Debtors CHRISTINA MARIE PERRY and LEON

ARTHUR CASPARIAN for an order valuing the property secured by CCO MORTGAGE

CORPORATION (hereinafter "Mortgage Creditor") and avoidance of said lien.

This case was commenced by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. This motion is brought pursuant to 11 U.S.C § 506 and Fed. R. Bankr. P. rule 3012.

## I.
### A CREDITOR'S CLAIM SECURED BY A LIEN ONLY SECURED TO THE EXTENT OF THE VALUE OF SUCH A CREDITOR'S INTEREST IN SAID PROPERTY

"An allowed claim of the creditor secured by a lien on property in which the estate has an interest, or that is subject to set off under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, . ." 11 U.S.C § 506 (a)(1)

Subsection (a) of 11 U.S.C § 506 determines the amount of a secured claim. Under § 506 (a) (1), a creditor with a lien has an allowed secured claim only to the extent of the amount of the value of the collateral.

## II.
### RULE 3012 OF THE FEDERAL RULES OF BANKRUPICY PROCEDURE ALLOWS THE COURT TO DETERMINE THE VALUE OF A CLAIM

Rule 3012 implements § 506 (a) of the Bankruptcy Code with respect to valuation of a secured claim in order to determine the extent to which the property is secured or unsecured.

## III.
### FACTS

1  On August 02, 2010, Debtors CHRISTINA MARIE PERRY and LEON ARTHUR CASPARIAN (hereinafter "Movants") filed a petition for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code.

2  The Movants' real property, under which Mortgage Creditor claims a secured interest, is commonly known as 17415 Via Annette San Leandro, CA 94580 (hereinafter "Real Property") The Assessor's Parcel Number is 411-0084-029.

3  The Fair Market Value (hereinafter "FMV") of the Real Property at the time this bankruptcy was filed was $339,000.00, as stated in the Declaration of Debtors attached hereto as Exhibit A and incorporated as by reference herein.

4.  Mortgage Creditor's lien (hereinafter "the Lien") on the Real Property is in the amount of $130,945.60, as stated in the statement of indebtedness mailed to the Debtor by CCO MORTGAGE CORPORATION. This statement of indebtedness is attached hereto as Exhibit B and incorporated by reference herein.

5.  The Real Property is subject to the following senior encumbrances of record:

A    Senior Lien of LBPS in the secured amount of $390,746.48, according to the statement of indebtedness mailed to debtor by LBPS and attached hereto as Exhibit C and incorporated by reference herein. This amount owed to the senior lien holder is the FMV of the property.

6.  The lien, which is the subject of this motion, is unsecured based on the FMV of the property minus any senior liens described above in paragraph 5.

Therefore, the Lien on Debtors' real property has no secured value and should not be paid as a secured claim.

**IV.**
**POINTS AND AUTHORITIES**

11 U.S.C. § 506 (a) (1) provides that a creditor has an allowed secured claim to the extent of the creditor's interest in the estate property, and an unsecured claim to the extent its claim exceeds the value. 11 U.S.C. § 506(d) provides that, to the extent that the lien secures a claim against the debtor and it is not an allowed claim, such lien is void.

11 U.S.C. § 1322(b) (2) provides that a plan may modify the rights of holders of secured claims, other than a claim secured by a security interest in real property that is the debtors' principal residence. However, where a creditor's claim, which is seemingly secured only by an interest in the debtors' primary residence, is determined to be entirely unsecured pursuant to 11 U.S.C. § 506, the line is void. See In re Zimmer, 313 F. 3d 1220 (9th Cir. 2002).

**V.**
**PRAYER**

WHEREFORE, the Movants pray for the following relief:

(1) For purposes of Debtors' Chapter 13 plan only, the Lien, held by CCO MORTGAGE CORPORATION is valued at zero, and as such is not a secured claim, and may not be enforced, pursuant to 11 U.S.C. § 506, 1322 (b)(2) and 1327.

1   (2) The order of this Court shall become part of the Debtors' confirmed Chapter 13 plan.

2   (3) Upon entry of a discharge in debtor's Chapter 13 case, the Lien, held by CCO

3   MORTGAGE CORPORATION shall be voided for all purposes, and upon application by

    Debtors, the Court will enter an appropriate form of judgment voiding the lien.

4   (4) If Debtors' Chapter 13 case is dismissed or converted to one under another chapter

5   before Debtors obtain a discharge, the order shall cease to be effective and the Lien, held by CCO

6   MORTGAGE CORPORATION, shall be retained to the extent recognized by applicable non-

7   bankruptcy law, and upon application by the Lien holder, the Court will enter an appropriate form

8   of order restoring the Lien.

9   (5) Except as provided by separate, subsequent order of this Court, the Lien, held by CCO

10  MORTGAGE CORPORATION may not be enforced so long as the order of this Court remains in

11  effect.

12  Dated: 03/17/2011                         Respectfully Submitted,

13                                            /s/ Andy C. Warshaw
14                                            Andy C. Warshaw
                                              Attorney for Debtors
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT "A"**

26
27
28

Andy C. Warshaw, Esq.
State Bar # 263880
MESA LAW GROUP CORP.
3151 Airway Ave, Ste P1
Costa Mesa, California 92626
Telephone No. (714) 617-7370
Facsimile No (949) 743-8960

*Attorney for Debtors,*

CHRISTINA MARIE PERRY, LEON ARTHUR CASPARIAN

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

|  |  |
|---|---|
| In Re: | ) CHAPTER 13 |
| CHRISTINA MARIE PERRY | ) Case No : 10-48821 |
| LEON ARTHUR CASPARIAN | ) |
|  | ) **FIRST AMENDED DECLARATION OF** |
|  | ) **DEBTORS IN SUPORT OF MOTION TO** |
|  | ) **DETERMINE VALUE OF CLAIM** |
| DEBTORS. | ) **SECURED BY LIEN ON PROPERTY ND** |
|  | ) **FOR ORDER AVOIDING LIEN HELD BY** |
|  | ) **CCO MORTGAGE CORPORATION** |

We, CHRISTINA MARIE PERRY and LEON ARTHUR CASPARIAN, Debtors in the above instant action do hereby declare as follows:

1.  That we filed Chapter 13 to reorganize our debt

2.  That we own real property commonly known as 17415 Via Annette, San Leandro, CA 94580

3.  The total amount of unavoidable liens on the real property is approximately $390,746 48;

**FIRST AMENDED DECLARATION OF DEBTORS IN SUPPORT OF MOTION TO VALUE COLLATERAL OF REAL PROPERTY PURSUANT TO 11 USC § 506 (a) and (d)-1**

**$339,000.00 Fair Market Value**

**-$390,746.48 LBPS First Deed**

**(-$51,746.48) Negative Equity**

4. Against the property is a second deed of trust with CCO Mortgage Corporation in the approximate amount of $130,946.60.

I declare under penalty of perjury that the foregoing statement is true and correct to the best of my knowledge and belief and that this declaration is executed on this 17th day of March 2011 at Costa Mesa, CA.

           /s/ Christina Marie Perry
                          Debtor

           /s/ Leon Arthur Casparian
                        Joint Debtor

**FIRST AMENDED DECLARATION OF DEBTORS IN SUPPORT OF MOTION TO VALUE COLLATERAL OF REAL PROPERTY PURSUANT TO 11 USC § 506 (a) and (d)-2**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**EXHIBIT "B"**

27
28



# LOAN STATEMENT

**CCO Mortgage**

P.O. BOX 6260
GLEN ALLEN, VIRGINIA 23058-6260
www.ccomortgage.com

| LOAN NUMBER: | 8900488811 |
|---|---|
| STATEMENT DATE: | 04/23/10 |

| Loan Information | Amount |
|---|---|
| **Balances** | |
| *Principal Balance: | $130,945.60 |
| Escrow Balance: | $0.00 |
| Unpaid Late Charges: | $0.00 |
| Suspense Balance: | $0.00 |
| **Payment Factors** | |
| Interest Rate: | 7.12500% |
| Principal & Interest: | $909.53 |
| Escrow Payment: | $0.00 |
| Optional Insurance: | $0.00 |
| Other: | $0.00 |
| Total Payment: | $909.53 |
| **Year to Date** | |
| Principal Paid: | $520.42 |
| Interest Paid: | $3,117.70 |
| Taxes Paid: | $0.00 |

001988 /   RE

LEON CASPARIAN
CHRISTINA PERRY
17415 VIA ANNETTE
SAN LORENZO CA 94580-260B

*The Principal Balance is NOT the amount required to pay your loan in full

**Property Address:**  17418 VIA ANNETTE
SAN LORENZO CA 94580

Any payments received after the statement date do not appear on this statement.

## TRANSACTION ACTIVITY SINCE LAST STATEMENT

| Transaction Description | Date Due | Tran Date | Amount | Principal | Interest | Escrow | Optional Insurance | Fees/Other |
|---|---|---|---|---|---|---|---|---|
| ayment | 05/10 | 04/23 | $909.53 | $131.26 | $778.27 | | | |

## PAYMENT DUE INFORMATION

| | | | | |
|---|---|---|---|---|
| Payment Due Date: | 06/01/10 | Unpaid Late Charges: | $0.00 | If received after 06/16/10, pay: $984.10 |
| Current Payment Due: | $909.53 | Returned Check Fees: | $0.00 | Includes Late Charge: $54.57 |
| Past Due Payments: | $0.00 | Other Fees: | $0.00 | |
| | | Total Amount Now Due: | $909.53 | |

## IMPORTANT MESSAGES

**Automatic Loan Payment Program**—When you use this free service, your monthly payment is always on time. And making it is always convenient. There are no checks to write, no coupons to mail, no postage to pay. Instead, your payment is automatically drafted from any account you choose. Automatic Loan Payment manages your payment for you even when you are away from home. For an application, please call Customer Service at 800-234-6002 or visit our Web site at www.ccomortgage.com

**Payment by Phone**—You may electronically withdraw your payment direc[...] mortgage account the same day. You do not have to write a check or this service, call 800-234-6002.

Because your current mortgage is serviced by CCO Mortgage, we are in th[...] financing needs. There are so many ways to take advantage of today's low house or refinancing to shorten the term of your current loan or to take [...] 800-288-5569 to get started. We can make the entire process simpler.

Visit our website at www.ccomortgage.com for detailed loan information a[...] seven days a week. Call 800-234-6002 (have your loan number and So[...] Representatives can assist you Monday through Friday 9:00 A.M. to 5:00 P[...]

*I did make
pymt 5/23/10
909.53*

---

8900488811

Please return bottom portion with your payment. (Allow sufficient time for postal d[...]

Please write your loan number on your check. Make check payable to CCO Mortgage.

**CCO Mortgage**

| LOAN NUMBER | STATEMENT DATE | NEXT PAYMENT DUE DATE | TOTAL AMOUNT DUE |
|---|---|---|---|
| 8900488811 | 04/23/10 | 06/01/10 | $909.53 |
| | | **LATE CHARGE** | **DUE AFTER** **LATE PAYMENT DUE** |
| | | $54.57 | 06/16/10  $964.10 |

LEON CASPARIAN
CHRISTINA PERRY

CCO MORTGAGE
PO BOX 42111
PROVIDENCE RI 02940-2111

Please specify additional payments to:

| | |
|---|---|
| Principal | $ |
| Escrow | $ |
| Late Charge | $ |
| Other | $ |
| Total | $ |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
**EXHIBIT "C"**
27
28

 **LBPS**

## Account Statement

### Customer Service Information

| | | |
|---|---|---|
| ✉ | Write To: | IBM Lender Business Process Services, Inc. P.O. Box 4121 Beaverton, OR 97076-4121 |
| 🕐 | Business Hours: | Mon-Thu 5am to 9pm; Fri 5am to 6pm Sat 6am to 12pm; Sun 11am to 5pm PT |
| ☎ | For Information: | Call: 866.570.5277 Fax: 866.578.5277 |
| 💻 | OR Visit Us Online: | www.lbps.com |

*See reverse side for additional important information*

### Borrower Information

Phone – Home:
Phone – Work:     510-655-2600

Property Address:   17415 VIA ANNETTE
SAN LORENZO, CA 94580-2605

5-769-00132-0009745-002-1-000-000-000-000

CASPARIAN, LEON
PERRY, CHRISTINA
17415 VIA ANNETTE
SAN LORENZO CA 94580-2605

---

### Account Information

**Loan Number:   7936154**

| | Year To Date Interest Paid | Year To Date Late Charges Paid | Year To Date Taxes Paid | Year To Date Principal Paid |
|---|---|---|---|---|
| Statement Date:    05/17/10 | 0.00 | 0.00 | 0.00 | 0.00 |
| Interest Rate:    6.250% | New Principal Balance* | New Escrow Balance | New Interest Arrearage Balance | New Escrow Arrearage Balance |
| | 390,746.48 | 907.96 | 0.00 | 0.00 |

Payment Breakdown:
Principal & Interest: $  2,493.66
Escrow:           $   432.53
Other:            $    0.00
                  ------------
Total:            $  2,926.19

*This is not a payoff figure. It does not include interest fees, and costs.*

---

### Activity Since Your Last Statement

| Date | Description | Principal | Interest | Escrow | Late Charge/ Other Fees | Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|

  

---

### Important Messages

NOTICE - CHECK PAYMENTS PROCESSED AS ELECTRONIC FUND TRANSFERS
When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction.

Please visit our website at www.lbps.com

---

*Please return this coupon with your payment and include your loan number on your payment.*

 **LBPS**

CASPARIAN, LEON
PERRY, CHRISTINA
**Loan #:  7936154-7**

☐ Please check this box if you have provided us with any information on the reverse side of this coupon:

LENDER BUSINESS PROCESS SERVICES
P.O. BOX 7162
PASADENA, CA 91109-7162

### Payment Coupon

| | | |
|---|---|---|
| Payment Due Date | | 06/01/10 |
| Current Payment | $ | 2,926.19 |
| Past Due Payment(s) | $ | 0.00 |
| Other Charges | $ | 0.00 |
| Prior Unpaid Interest | $ | 0.00 |
| Suspense (credit) | $ | 0.00 |
| **TOTAL AMOUNT DUE** | $ | 2,926.19 |
| AFTER 06/16/10 (Includes late charge) | $ | 3,050.87 |

Any additional funds remitted will be applied to amounts due as of the date received and thereafter to the principal balance.

**TOTAL ENCLOSED**   $
If payment is made through MortgageDirect, this bill is for information only.

000292619 000292619 000305087 0079361547 0001 6

Case: 10-48821   Doc# 24   Filed: 03/21/11   Entered: 03/21/11 16:19:30   Page 11 of 35

# EXHIBIT D

| UNITED STATES BANKRUPTCY COURT Northern | DISTRICT OF California | PROOF OF CLAIM |
|---|---|---|

**Name of Debtor:** LEON & CHRISTINA Casparian     **Case Number** 10-48821

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
RBS Citizens NA

**Name and address where notices should be sent:**

CCO MORTGAGE
10561 TELEGRAPH ROAD
GLEN ALLEN, VIRGINIA 23059

Telephone number:
(804) 627-4235

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**
(If known)

Filed on:

*FILED
SEP -3 2010
BANKRUPTCY COURT
OAKLAND, CALIFORNIA
LM 3:30 pm*

**Name and address where payment should be sent (if different from above):**

Same As Above

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ 130,572.97

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Mortgage Note
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** 8811

   **3a. Debtor may have scheduled account as:** CCO Mortgage
   (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☑ Real Estate ☐ Motor Vehicle ☐ Other
Describe:

Value of Property: $ 540,000.00    Annual Interest Rate 7.125 %

**Post Petion Payments:**
On 9/1/2010 $909.53

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $ 0.00    Basis for perfection: Recording of Mortgage

Amount of Secured Claim: $ 130,572.97    Amount Unsecured: $    $0.00

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$ 0.00

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**Date:** 8/31/2010

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

/s/ Jaimi Jinks (Bankruptcy Specialist)

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

### C C O M O R T G A G E — 293

**Loan Number** _ _ _ _ **Borrower Name:** CASPARIAN,LEON

PAY4 8`` `` ̄ ̄ ̄OF 08/02/10  PAYOFF CALCULATION TOTALS 08/30/10  09:36:40
NAME L  CASPARIA CONTACT NAME LEON CASPARIAN
------------------------------------------------------------------

| | | | ---------- RATE CHANGES --------- |
|---|---|---|---|
| PRINCIPAL BALANCE | 130,547.13 | | |
| INTEREST 08/02/10 | 25.84 | CALC | INT FROM    RATE       AMOUNT |
| PRO RATA MIP/PMI | .00 | | 08/01/10   7.12500       25.84 |
| ESCROW ADVANCE | .00 | | 08/02/10 |
| ESCROW BALANCE | .00 | | |
| SUSPENSE BALANCE | .00 | | |
| HUD BALANCE | .00 | | |
| REPLACEMENT RESERVE | .00 | | |
| RESTRICTED ESCROW | .00 | | |
| TOTAL-FEES | .00 | W 1 | |
| ACCUM LATE CHARGES | .00 | | |
| ACCUM NSF CHARGES | .00 | | |
| OTHER FEES DUE | .00 | | |
| PENALTY INTEREST | .00 | | 25.84 |
| FLAT/OTHER PENALTY FEE | .00 | | TOTAL INTEREST      25.84 |
| CR LIFE/ORIG FEE RBATE | .00 | | TOTAL TO PAYOFF   130,572.97 |
| RECOVERABLE BALANCE | .00 | | NUMBER OF COPIES: 1   PRESS PF1 TO PRINT |

------------------------------------------------------------------

Case 10-48821   Claim 2-1   Filed 09/03/10   Desc Main Document    Page 2 of 14
Case: 10-48821    Doc# 24    Filed: 03/21/11    Entered: 03/21/11 16:19:30    Page 14 of 35

# BALLOON NOTE
### (Fixed Rate)

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

June 12th, 2007       WALNUT CREEK       CA

Date       City       State

17415 VIA ANNETTE, SAN LORENZO, CA 94580

Property Address

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 135,000.00 (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is FIRST HORIZON HOME LOANS A DIVISION OF FIRST TENNESSEE BANK N.A.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

## 2. INTEREST

I will pay interest at a yearly rate of 7.125 %

Interest will be charged on unpaid principal until the full amount of principal has been paid.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making payments each month of U.S. $ 909.53

I will make my payments on the 1st day of each month beginning on August 1st, 2007

I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on July 1st, 2022

I still owe amounts under this Note, I will pay all those amounts, in full, on that date.

I will make my monthly payments at PO BOX 31

MEMPHIS, TN 38101       or at a different place if required by the Note Holder

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 909.53 , with a balloon payment of $ 101,313.60 .

## 4. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any of my monthly payments by the end of 15 calendar days after the date it is due, I will promptly pay a late charge to the Note Holder. The amount of the charge will be 6.00 % of my overdue payment, but not less than U.S $ 5.00 and not more than U.S. $ N/A . I will pay this late charge only once on any late payment.

### (B) Notice from the Note Holder

If I do not pay the full amount of each monthly payment on time, the Note holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.

### (C) Default

If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (D) Payment of Note Holder's Cost and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 5. THIS NOTE SECURED BY A DEED OF TRUST

In addition to the protections given to the Note Holder under this Note, a Deed of Trust, dated the same day as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Deed of Trust describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

*ILC*

Initials: *CP*

9/03

Case 10-48821    Claim 2-1    Filed 09/03/10    Desc Main Document    Page 3 of 14
Case: 10-48821    Doc# 24    Filed: 03/21/11    Entered: 03/21/11 16:19:30    Page 15 of 35

Some of those conditions are described as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

**6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE**

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only a part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

**7. BORROWER'S WAIVERS**

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

**8. GIVING OF NOTICES**

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

**9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

**NOTICE TO BORROWER**

Do not sign this Note if it contains blank spaces.
All spaces should be completed before you sign.

| | |
|---|---|
| _(signature)_ _____ (Seal) -Borrower | _____ (Seal) -Borrower |
| LEON CASPARIAN | |
| _(signature)_ _____ (Seal) -Borrower | _____ (Seal) -Borrower |
| CHRISTINA PERRY | |
| _____ (Seal) -Borrower | _____ (Seal) -Borrower |
| _____ (Seal) -Borrower | _____ (Seal) -Borrower (Sign Original Only) |

0061154068
CA 2nd Balloon Note
FH6D04M

Page 2 of 2

9/03

RECORDED AT THE REQUEST
OF PLACER TITLE CO.

Recording Requested By:
FIRST HORIZON HOME LOANS,
A DIVISION OF FIRST TENNESSEE BANK N.A.

Return To:
FHHL - POST CLOSING MAIL ROOM

1555 W WALNUT HILL LN #200 MC 6712
IRVING, TX 75038



2007227709      06/19/2007 08:30 AM
OFFICIAL RECORDS OF ALAMEDA COUNTY
PATRICK O'CONNELL
RECORDING FEE:        37.00

10 PGS

Prepared By:
FIRST HORIZON HOME LOANS,
A DIVISION OF FIRST TENNESSEE BANK N.A.
3200 DOUGLAS BLVD, SUITE 131
ROSEVILLE, CA 95661

601-22275

# DEED OF TRUST ~~AND REQUEST FOR NOTICE OF DEFAULT~~

THIS DEED OF TRUST is made this    12th    day of  June,         2007       , among the Trustor,
LEON CASPARIAN, An Unmarried Man &
CHRISTINA PERRY, An Unmarried Woman, As Joint Tenants

, whose address is

17251 VIA LAJOLLA, SAN LORENZO, California 94580

(herein "Borrower"),

FIRST HORIZON HOME LOANS A DIVISION OF FIRST TENNESSEE BANK N.A.
(herein "Trustee"), and the Beneficiary,

FIRST HORIZON HOME LOANS,
A DIVISION OF FIRST TENNESSEE BANK N.A.                        , a corporation organized and
existing under the laws of   THE UNITED STATES OF AMERICA       , whose address is
4000 HORIZON WAY, IRVING, TEXAS 75063                          (herein "Lender").
      BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys
to Trustee, in trust, with power of sale, the following described property located in the County of   Alameda
                                , State of California:

All that tract or parcel of land as shown on Schedule "A" attached
hereto which is incorporated herein and made a part hereof.

THIS DEED OF TRUST IS SUBORDINATE TO A DEED OF
TRUST DATED 10-12-07 IN THE AMOUNT
OF $ 405,000.00 IN FAVOR OF
First Horizon Home Loans
RECORDING CONCURRENTLY HEREWITH.

Parcel ID Number:  County: 411-0084-029 City:
which has the address of  17415 VIA ANNETTE                                        [Street]

SAN LORENZO                         [City], California    94580    [ZIP Code] (herein "Property Address");

CALIFORNIA - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT

-76(CA) (0510)          Form 3805
                        Amended 9/99
Page 1 of 7             Initials: LC
VMP Mortgage Solutions, Inc. (800)521-7291    K.P

3

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property";

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated **June 12th, 2007** and extensions and renewals thereof (herein "Note"), in the principal sum of U.S. $ **135,000.00** , with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on **July 1st, 2022** ; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

4. **Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

5. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender

*I 6 c—*

Initials: *I C P*

**0061154068**
**-76(CA)** (0510)

Page 2 of 7

**Form 3805**

Case 10-48821    Claim 2-1    Filed 09/03/10    Desc Main Document    Page 6 of 14
Case: 10-48821    Doc# 24    Filed: 03/21/11    Entered: 03/21/11 16:19:30    Page 18 of
35

and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has a priority over this Deed of Trust.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict

Case 10-48821    Claim 2-1    Filed 09/03/10    Desc Main Document    Page 7 of 14

Case: 10-48821    Doc# 24    Filed: 03/21/11    Entered: 03/21/11 16:19:30    Page 19 of 35

shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and this Deed of Trust at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender, prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which the Property or some part thereof is located. Lender or Trustee shall mail copies of such notice in the manner prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the lapse of such time as may be required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to five days before sale of the Property pursuant to the power of sale contained in this Deed of Trust or at any time prior to entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

Initials: _CP_

**Form 3805**

Case 10-48821    Claim 2-1    Filed 09/03/10    Desc Main Document    Page 8 of 14
Case: 10-48821    Doc# 24    Filed: 03/21/11    Entered: 03/21/11 16:19:30    Page 20 of 35

19. **Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

20. **Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty and to the person or persons legally entitled thereto. Such person or persons shall pay all costs of recordation, if any.

21. **Substitute Trustee.** Lender, at Lender's option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county where the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Instrument is recorded and the name and address of the successor trustee. The successor trustee shall, without conveyance of the Property, succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. The procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

22. **Request for Notices.** Borrower requests that copies of the notice of default and notice of sale be sent to Borrower's address which is the Property Address. Lender requests that copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust be sent to Lender's address, as set forth on page one of this Deed of Trust, as provided by Section 2924(b) of the Civil Code of California.

23. **Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

### REQUEST FOR NOTICE OF DEFAULT
### AND FORECLOSURE UNDER SUPERIOR
### MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action.

In accordance with Section 2924b, Civil Code, request is hereby made that a copy of any notice of default and a copy of any notice of sale under the deed of trust (or mortgage) recorded ___Alameda___ , in Book

, Page , records of ___Alameda___ County,

or filed for record with recorder's serial number ,

County, California, executed by

**LEON CASPARIAN**
**CHRISTINA PERRY**

as trustor (or mortgagor) in which

is named

as beneficiary (or mortgagee) and

as trustee

be mailed to **FIRST HORIZON HOME LOANS, A DIVISION OF FIRST TENNESSEE BANK N.A.** at **4000 HORIZON WAY, IRVING, TEXAS 75063**
    **ATTN:   DEFAULT DEPT.**

Initials: _ICP_

0061154068

NOTICE: A copy of any notice of default and of any notice of sale will be sent only to the address contained in this recorded request. If your address changes, a new request must be recorded.

_____
Lender Representative

**State of California**
**County of** CONTRA COSTA
**On** _____ , before me _____

_____ , personally appeared

_____ , personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

    WITNESS my hand and official seal.

_____
Notary Public

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

_____ (Seal)          _____ (Seal)
LEON CASPARIAN                   -Borrower                                         -Borrower

_____ (Seal)          _____ (Seal)
CHRISTINA PERRY                  -Borrower                                         -Borrower

_____ (Seal)          _____ (Seal)
                                 -Borrower                                         -Borrower

_____ (Seal)          _____ (Seal)
                                 -Borrower                                         -Borrower

*[Sign Original Only]*

0061154068
VMP®-76(CA) (0510)                    Page 6 of 7                         **Form 3805**

State of California

County of ~~CONTRA COSTA~~ Alameda } ss.

On June 13, 2007 , before me T. Thompson, Notary Public , personally appeared

LEON CASPARIAN

CHRISTINA PERRY

, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument. WITNESS my hand and official seal.

(This area for official notarial seal)



_____ (Seal)

T. THOMPSON
COMM. #1656461
NOTARY PUBLIC-CALIFORNIA
ALAMEDA COUNTY
MY COMM. EXP. APRIL 6, 2010

# SCHEDULE "A"

### LEGAL DESCRIPTION

THE LAND DESCRIBED HEREIN IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF ALAMEDA, UNINCORPORATED AREA, AND IS DESCRIBED AS FOLLOWS:

SOUTHERN 63 FEET OF LOT 2 AND THE NORTHERN 2 FEET OF LOT 3 IN BLOCK "C" OF TRACT 1224, FILED NOVEMBER 7, 1952, MAP BOOK 33, PAGE 44, ALAMEDA COUNTY RECORDS.

A.P.N. 411-0084-029

PRE LEGAL

CLTA Preliminary Report

# RIDER TO DEED OF TRUST/MORTGAGE/SECURITY DEED

Date: **6/12/2007**

The escrow of taxes and insurance required in Paragraph 2 of your DEED OF
TRUST/MORTGAGE/SECURITY DEED to
**FIRST HORIZON HOME LOANS, A DIVISION OF FIRST TENNESSEE BANK N.A.**
is hereby waived and you are notified that you are not required to deposit with

**FIRST HORIZON HOME LOANS, A DIVISION OF FIRST TENNESSEE BANK N.A.**
any of the amounts set forth in said paragraph, provided:

(a)    Escrows for future taxes and insurance premiums are being collected and maintained by
the holder or servicer of the mortgage loan superior to our lien; or

(b)    If you pay your own taxes and insurance premiums, you fulfill your obligation to keep
taxes and insurance premiums current with respect to the property secured hereby.

This waiver does not, in any way, release you from your obligation to make escrow payments of taxes
and insurance to the holder of any prior mortgage, nor does it relieve you of your obligation to keep
taxes and insurance premiums current with respect to the secured property.

All payments will be applied first to the accrued interest and next to the unpaid principal of your loan.
The exact amount of your final payment, finance charge, and total of payments will be somewhat more
or less than the amounts shown if we do not receive each payment on the scheduled payment date.

RECEIPT ACKNOWLEDGED:    June 13, 2007

LEON CASPARIAN

CHRISTINA PERRY

2nd Rider                                              CB6D082 Revised 8/01

# BALLOON PAYMENT RIDER
## TO THE SECURITY INSTRUMENT

Borrower Name: **LEON CASPARIAN**
**CHRISTINA PERRY**


Property Address: **17415 VIA ANNETTE**
**SAN LORENZO, CA 94580**

Loan Number:


THE TERMS OF THE LOAN CONTAIN PROVISIONS WHICH WILL REQUIRE A BALLOON PAYMENT AT MATURITY.

THE AMORTIZATION OF PRINCIPAL AND INTEREST IS BASED ON A    30    YEAR FACTOR AND WOULD AMORTIZE THE PRINCIPAL LOAN ON A    30    YEAR SCHEDULE, BUT SINCE THE FULL BALANCE IS PAYABLE IN    180    MONTHS, A BALLOON PAYMENT OF $    101,313.60    WILL BE REQUIRED ON **July 1st**    , **2022** .

The loan is payable in full at the end of    15    year(s). You must repay the entire principal balance of the loan and the unpaid interest then due. The lender is under no obligation to refinance the loan at that time. You will, therefore, be required to make payment out of other assets you may own, or you will have to find a lender willing to lend you the money at the prevailing market rate, which may be considerably higher or lower than the rate on this loan.

If you refinance this loan at maturity, you may have to pay some or all closing costs normally associated with a new loan, even if you obtain refinancing from the same lender.

I/We hereby acknowledge receipt of the above notice relating to the balloon payment provision of this loan, which have also been explained to me/us.


| | | | |
|---|---|---|---|
| _(signature)_ (Seal) | | _____ (Seal) | |
| LEON CASPARIAN -Borrower | | -Borrower | |
| _(signature)_ (Seal) | | _____ (Seal) | |
| CHRISTINA PERRY -Borrower | | -Borrower | |
| _____ (Seal) | | _____ (Seal) | |
| -Borrower | | -Borrower | |
| _____ (Seal) | | _____ (Seal) | |
| -Borrower | | -Borrower | |

Balloon Payment Rider – No CRR 0605          Page I of I                    FH6D03X

**EXHIBIT E**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Map   US   California   **San Lorenzo**           Views: 12

Get rates as low as 4.61% on Zillow Mortgage Marketplace

## 17415 Via Annette

**Zestimate®:**    **$313,000**

Rent Zestimate:    $1,820/mo

Mortgage payment:   **$1,284/mo**
See current rates on Zillow
ING DIRECT Mortgages   3 31% APR



© 2011 Microsoft Corporation © 2010 NAVTEQ © AND
Pictometry Bird's Eye © 2010 Pictometry International Corp

No photos available for this property

| Bedrooms: | 3 |
|---|---|
| Bathrooms: | 2 |
| Sqft: | 1,237 |
| Lot size: | 5,200 sq ft / 0.12 acres |
| Property type: | Single Family |
| Year built: | 1953 |
| Parking type: | -- |
| Cooling system: | -- |
| Heating system: | -- |
| Fireplace: | -- |
| Last sold: | June 19 2007 |

### Description

This 1237 square foot single family home has 3 bedrooms and 2 0 bathrooms. It is located at 17415 Via Annette San Lorenzo, California  This home is in the San Lorenzo Unified School District. The nearest schools are Del Rey Elementary School, Bohannon Middle School and Arroyo High School

More facts

Post for sale/rent     Save     Share     E-mail me     Edit     Print
                                                      Map

## Charts and Data

| | Value | Range | 30-day change | $/sqft | Last updated |
|---|---|---|---|---|---|
| Zestimate | $313,000 | $272K – $344K | -$11 000 | $253 | 03/15/2011 |
| Rent Zestimate | $1,820/mo | $1 6K/mo – $2K/mo | -$51 | $1 47 | 03/15/2011 |
| My estimate | Create estimate | | | | |
| Owner Comment | Post a comment | | | | |

17415 Via Annette, San Lorenzo, CA 94...

## Show

⊕ **Zestimate ($)**

○ Zestimate (% change)

○ Rent Zestimate ($)

○ Listing price

○ Tax assessment

○ Tax paid

○ Page views

**Time period**

○ 1 month

○ 1 year

⊕ 5 years

○ 10 years

Compare 94580 to nearby areas





○ This home ☐ 94580 △ San Lorenzo

$570k
$550k
$530k
$510k
$490k
$470k
$450k
$430k
$410k
$390k
$370k
$350k
$330k
$310k
$290k

2007    2008    2009    2010    2011

## Maps and Views

**Zestimates**

**Schools**

**Grocery Stores**

**Coffee and Bakery**

**Parks**

**Restaurants**

**Gas Stations**

View home on larger map

Local amenities provided by

**Drive time**

Enter address

## Financing

**Loan program**

Andy C. Warshaw, Esq.
State Bar # 263880
MESA LAW GROUP CORP.
3151 Airway Ave, Ste P1
Costa Mesa, California 92626
Telephone No. (714) 617-7370
Facsimile No. (949) 743-8960

*Attorney for Debtors,*

CHRISTINA MARIE PERRY, LEON ARTHUR CASPARIAN

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| In Re: | ) CHAPTER 13 |
| | ) |
| CHRISTINA MARIE PERRY | ) Case No.: 10-48821 |
| | ) |
| LEON ARTHUR CASPARIAN | ) |
| | ) |
| | ) |
| DEBTORS | ) |
| | ) |

## FIRST AMENDED CERTIFICATE OF SERVICE

The undersigned declares as follows:

That I am a citizen of the United States, over the age of 18 years, and not a party to the within action. My business address is 3151 Airway Ave , Suite P-1, Costa Mesa, CA 92626.

That on March 2/ , 2011, I served the **NOTICE OF HEARING, MOTION TO VALUE COLLATERAL OF CCO MORTGAGE CORPORATION, AND OTHER SUPPORTING DOCUMENTS,** by depositing a true and correct copy thereof enclosed in a sealed envelope with the postage thereon full prepaid, in the United States mail at Costa Mesa, CA 92626. Addressed as follows:

**VIA REGULAR U.S. MAIL:**
Chapter 13 Trustee
Martha G. Bronitsky
P.O. Box 5004
Hayward, CA 94540-5004

FIRST AMENDED CERTIFICATE OF SERVICE - 1

Honorable Judge Randall J. Newsome
1300 Clay Street, Suite 300
Oakland, CA 94604-2070

Christina Marie Perry & Leon Casparian
17415 Via Annette
San Leandro, CA 94580

U.S. Trustee
1301 Clay St. #690N
Oakland, CA 94612

**VIA CERTIFIED MAIL:**
CCO Mortgage Corporation
2812 Emerywood Pkwy
Richmond, VA 23294

CCO Mortgage Corporation
c/o RBS Citizens, NA
Agent for Service of Process for RBS Citizens, NA:
Corporation Service Company/CSC – Lawyers Incorporating Service
2730 Gateway Oaks Dr. Suite 100
Sacramento, CA 95833
(See attached Exhibit A)

Stephen J. Kessler
Federal Deposit Insurance Corporation
40 Pacifica, 4th Floor
Irvine, CA 92618
(See attached Exhibit "B")

Ellen Allemany
Corporate Officer of RBS Citizens, NA
One Citizens Plaza
Providence, Rhode Island 02903
(See attached Exhibit "B")

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed at Costa Mesa, California

/s/ Sharon Valdez
DECLARANT

FIRST AMENDED CERTIFICATE OF SERVICE - 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27        **EXHIBIT "A"**
28

URL: http://kepler.sos.ca.gov/cbs.aspx



# Business Entity Detail

Data is updated weekly and is current as of Friday, March 11, 2011. It is not a complete or certified record of the entity.

| | |
|---|---|
| **Entity Name:** | RBS CITIZENS, NATIONAL ASSOCIATION |
| **Entity Number:** | C3153904 |
| **Date Filed:** | 07/07/2008 |
| **Status:** | ACTIVE |
| **Jurisdiction:** | UNITED STATES |
| **Entity Address:** | ONE CITIZENS PLAZA |
| **Entity City, State, Zip:** | PROVIDENCE RI 02920 |
| **Agent for Service of Process:** | CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE |
| **Agent Address:** | 2730 GATEWAY OAKS DR STE 100 |
| **Agent City, State, Zip:** | SACRAMENTO CA 95833 |

URL: https://www.ccomortgage.com/index.asp



Equal Housing Lender ⌂ | Copyright 2011 RBS Citizens, N.A. All rights reserved.

Mortgages are offered and originated by RBS Citizens, N.A. CCO Mortgage is a division of RBS Citizens, N.A.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27 **EXHIBIT "B"**
28

URL: http://www2.fdic.gov/idasp/main_bankfind.asp

Your Bank at a Glance as of 3/10/2011.

**RBS Citizens, National Association** (FDIC Cert. 57957) **is FDIC Insured.**

**RBS Citizens, National Association** has been FDIC insured since **May 13, 2005.**
It was established on **May 13, 2005.**
Its main office (headquarters) is located at:
   **One Citizens Plaza**
   **Providence, Rhode Island 02903**
   **County of Providence**

**RBS Citizens, National Association** has **1135** Domestic Branches (Offices) located in **12** state(s) and **2** Foreign Offices. (Check to locate Branches (Offices) by state.)


URL: http://www.fdic.gov/about/contact/agents/index.html

FDIC Agent for Service of Process:

Stephen J. Kessler
Federal Deposit Insurance Corporation
40 Pacifica, 4th Floor
Irvine, CA 92618


URL: http://www.citizensbank.com/about-us/rbs-americas-leadership.aspx

**X Citizens Bank**

# RBS Americas Leadership Team

**Ellen Alemany**
Chairman and Chief Executive Officer, Citizens Financial Group, Inc. and RBS Americas